A01A1708. JORDAN v. THE STATE.
(559 SE2d 528)

BARNES, Judge.

James Jordan, proceeding pro se, appeals from the trial court's denial of his motion to correct an illegal sentence based on newly dis-

covered evidence and ineffective assistance of counsel. Finding no error to review within the jurisdiction of this court, we dismiss.

This appeal marks the third time this case has come before this court. The facts are set forth in Jordan's first appeal in which we upheld his convictions. See *Graham v. State*, 171 Ga. App. 242 (319 SE2d 484) (1984) (*"Jordan I"*). In his second appeal, Jordan appealed the denial of his motion to correct a void sentence, and we reversed one of his kidnapping convictions because of a lack of venue in the trial court, but affirmed the trial court on the remaining convictions. See *Jordan v. State*, 242 Ga. App. 408 (530 SE2d 42) (2000) (*"Jordan II"*). Jordan now appeals the trial court's denial of a second motion to correct a void sentence (*"Jordan III"*).

In *Jordan III*, he contends his defense counsel was ineffective for failing to challenge the improper venue that caused his kidnapping conviction to be reversed in *Jordan II*. He also contends that his defense counsel's deficiency is established by our reversal of that kidnapping conviction. Finally, he maintains that his sentences for the kidnapping, aggravated assault and attempted armed robbery should have been merged.

1. Jordan first enumerates as error ineffective assistance of counsel stemming from counsel's failure to challenge the venue in his conviction for the kidnapping in *Jordan I*. As we have reversed this kidnapping conviction (see *Jordan II*), this claim is moot. *Moore v. State*, 212 Ga. App. 497 (1) (442 SE2d 311) (1994).

More significantly, however, even if the issue were not moot, Jordan is not authorized to raise this issue in this appeal. Although a trial court has jurisdiction to resentence defendants at any time when their sentences are void (*Crumbley v. State*, 261 Ga. 611 (409 SE2d 517) (1991); *Gonzalez v. State*, 201 Ga. App. 437, 438 (411 SE2d 345) (1991)), and a direct appeal lies from the denial of a motion attacking a void sentence (*Williams v. State*, 271 Ga. 686, 689 (1) (523 SE2d 857) (1999)), a sentence is only void when the trial court imposes a punishment that the law does not allow. *Crumbley v. State*, supra, 261 Ga. at 611. As this allegation goes only to challenge Jordan's conviction, however, it cannot be considered in this appeal because he "may not raise in this appeal issues which go to the validity of his conviction rather than the validity of his sentence." *Daniels v. State*, 244 Ga. App. 522, 523 (536 SE2d 206) (2000).

2. Jordan also contends that his sentences for the kidnapping, aggravated assault and attempted armed robbery should have been merged. This issue, however, was decided adversely to Jordan in *Jordan II*. See *Jordan II*, supra, 242 Ga. App. at 409-410 (3) and n. 2.

> It is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on

the same grounds. Our determination in the earlier appeal is res judicata; the instant appeal is therefore barred, and we are without jurisdiction to review this same matter for a second time.

*Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000).

Accordingly, as this appeal presents no issue for appellate review, it must be dismissed.

*Appeal dismissed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 29, 2002.

James Jordan, *pro se*.

*Patrick H. Head, District Attorney, Amelia G. Pray, Assistant District Attorney,* for appellee.