A03A1464. COLLINS v. THE STATE.
(588 SE2d 799)

SMITH, Chief Judge.

Rodney Barnett Collins was indicted on five counts of aggravated assault on a law enforcement officer, one count of possession of cocaine with intent to distribute, no proof of insurance, and driving with a suspended license. His motion to suppress evidence was denied. During Collins's jury trial, the trial court granted a directed verdict as to the charge of no proof of insurance. The jury found Collins guilty of three counts of aggravated assault on a police officer, two counts of the lesser included offense of obstructing a police officer, possession of cocaine with intent to distribute, and driving with a suspended license. He appeals from the convictions and sentences entered thereon, contending that the trial court improperly admitted hearsay evidence and violated OCGA § 17-8-57 by questioning State witnesses to aid the prosecution. We find no merit in Collins's contentions and affirm the judgments.

Construed to support the jury's verdicts, the evidence showed

---

[15] See *McGarity v. State*, supra.

that after receiving information from a confidential informant, Agent Darren Singleton of Hall County's Multi-Agency Narcotics Squad placed a recorded telephone call to Collins and listened while the informant made arrangements to buy crack cocaine from Collins at a particular location in Hall County. After the telephone call, Singleton played the tape back and listened to the entire conversation. Later, at the appointed time, Collins arrived at the arranged location at the specified time driving the make, model, and color car the agent was expecting. When Collins pulled in next to the informant's car, agents surrounded his car with their unmarked vehicles and approached him wearing vests marked "police" or other identification. Collins immediately attempted to flee the scene as officers "were yelling stop, police over and over." Instead of stopping, Collins began using evasive maneuvers in his car, during which he almost ran over Singleton and two other officers, actually striking one, and struck and damaged two of the officers' vehicles. Before he was subdued and arrested, an agent saw him throw a plastic bag down. After the arrest, agents returned to pick up the plastic bag, which was a "corner baggie, clear plastic, containing several pieces of crushed crack cocaine." Another piece of crack cocaine was found behind the driver's side sun visor in Collins's car.

1. Collins contends that the trial court erred by admitting testimony from Singleton regarding the information supplied by the confidential informant, which was hearsay because the informant did not testify. The trial court admitted this testimony to explain the officer's conduct. In *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), and *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984), our Supreme Court concluded that under OCGA § 24-3-2, hearsay is admissible to explain conduct when that conduct is a matter concerning which the truth must be found, but in "practically every case," law enforcement officers' conduct will not be a material issue. Id. at 536. Indeed, in *Weems v. State*, 269 Ga. 577 (501 SE2d 806) (1998), the court held that police conduct is not in issue even when it is "so inexplicable as to cast doubt on the prosecution, or where a confidential informant has provided information which initiates an investigation." (Citations and footnote omitted.) Id. at 579 (2). We agree with Collins that here, as in *Weems*, it was error to admit the agent's testimony regarding what he learned from the confidential informant. We cannot, however, agree with Collins that this error mandates reversal.

Here, as also in *Weems*, "that error cannot be deemed harmful as it is highly probable that the testimony did not contribute to the verdict." Id. The officers were the victims of the assaults and the obstruction; their testimony was that of eyewitnesses. They also tes-

tified from personal knowledge about the baggies they found and about Collins's suspended driver's license. The contents of the baggies were tested and found to be positive for cocaine by a forensic scientist from the Georgia Bureau of Investigation Crime Laboratory. The evidence against Collins was overwhelming.

2. Collins also maintains that the trial judge violated the prohibition in OCGA § 17-8-57 against expressing or intimating his opinion as to what has or has not been proved or as to the guilt of the accused. It is true, as pointed out by Collins, that the trial court took an active role in the trial, asking questions of several witnesses. But the Supreme Court of Georgia has held repeatedly that such conduct, even if error, "is waived in the absence of an objection or a motion for a mistrial. Because defendant failed to object or move for a mistrial, the trial judge's OCGA § 17-8-57 violation was waived." (Citations omitted.) *Paul v. State*, 272 Ga. 845, 848 (2) (537 SE2d 58) (2000).

Moreover, unlike the judicial conduct in *Paul*, where the trial judge "intimated his opinion as to the credibility of witnesses and the guilt of the defendant," id. at 846 (1), in this case the trial judge's interventions, although frequent, were even-handed and did not suggest any opinion regarding either witnesses' credibility or the guilt or innocence of the accused. See *Creed v. State*, 255 Ga. App. 425, 427 (565 SE2d 480) (2002). The judge asked questions of both State's witnesses and defense witnesses. In addition, many of the incidents Collins characterizes as "meddling" that implied to the jury a desired outcome actually occurred out of the presence of the jury. And contrary to Collins's argument, the judge did not question a State's witness to supply missing testimony regarding the officer's apprehension of bodily injury, which was an essential element of the State's case. The officer had already clearly satisfied this element, testifying that he "started getting a little concerned that I may be run over, injured or even killed" by Collins's car and that he believed he might "receive what would be characterized as a violent injury."

> It has long been part of Georgia jurisprudence that a trial judge may propound questions to any witness for the purpose of developing fully the truth of the case, and the extent of such an examination is a matter for the trial court's discretion. The trial court's examination of a witness called by either side is not cause for a new trial unless the court, during its examination of the witness, expresses or intimates an opinion on the facts of the case or as to what has or has not been proved, or the questioning becomes argumentative. After examining each of the . . . exchanges cited by appellant as an instance when the trial judge allegedly improperly questioned a witness, we find no expression or intima-

tion of opinion by the trial court and conclude that appellant's enumeration of error is without merit.

(Citations omitted.) *Mullins v. State*, 269 Ga. 157, 158-159 (3) (496 SE2d 252) (1998).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED OCTOBER 10, 2003.

Leo E. Benton, Jr., for appellant.
Jason J. Deal, District Attorney, Norris S. Lewis, Jr., Assistant District Attorney, for appellee.