### A09A0721. DUKE v. THE STATE.
(681 SE2d 174)

MILLER, Chief Judge.

Following a jury trial, Robert Wayne Duke was convicted of three counts of forcible rape (OCGA § 16-6-1). Thereafter, he filed an amended motion for new trial, which was denied. He now appeals, alleging that the trial court erred in (i) denying his plea in bar; (ii) denying his *Jackson-Denno* motion and allowing his videotaped conversation with the victim to be replayed for the jury; (iii) admitting his videotaped conversation with the victim into evidence; (iv) failing to admit letters written by the victim and family photographs into evidence; (v) failing to charge bare suspicion; and (vi) denying his motion for directed verdict of acquittal. Discerning no error, we affirm.

Viewed in the light most favorable to the jury's verdict (*Drammeh v. State*, 285 Ga. App. 545, 546 (1) (646 SE2d 742) (2007)), the evidence shows that on January 8, 2008, an indictment was returned charging Duke with the rape of his daughter, K. E., between January 1, 1992 and April 30, 1994. The victim was then between 13 and 15 years of age.

The victim testified that in December 1992 while visiting Duke, he got in the shower with her, and thereafter had sexual intercourse with her in an upstairs bedroom, causing her to bleed afterward. Later, after moving in with her father, Duke required her to sleep in the master bedroom with him every night and forcibly have sex with him three to four times a week for a year and a half.

In June 2006, the victim told her brother about the rapes and thereafter, reported the incident to Coweta County police. In August 2007, she met with Investigator Tim Woody, with the Coweta County District Attorney's office ("DA's office"), to discuss the details of the rapes. At the suggestion of Investigator Woody, the victim agreed to meet with Duke to confront him about the sexual abuse and allowed the DA's office to videotape the conversation. In October 2007, the victim met with Duke at his house, asked him if they could talk, and questioned him about the rapes. The videotape of the victim's

conversation with Duke was played for the jury.

1. Duke argues that the trial court erred in denying his plea in bar, asserting that its application of OCGA § 17-3-1's 15-year statute of limitation violated the ex post facto clause of the federal and Georgia Constitutions. We disagree.

"The appellate standard of review for a plea in bar asserting a statute of limitations defense is a de novo review of the issue of laws. [Cit.]" *State v. Conzo*, 293 Ga. App. 72, 73 (666 SE2d 404) (2008). Since this ruling "involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts. [Cit.]" Id.

In criminal cases, the "period of limitation runs from the commission of the offense to the date of the indictment. [Cit.]" *Wiggins v. State*, 208 Ga. App. 757, 759 (2) (432 SE2d 113) (1993). "The burden is on the State to prove that a crime occurred within the applicable statute of limitation. [Cit.]" *Tarver v. State*, 198 Ga. App. 634, 635 (402 SE2d 365) (1991). "Prior to its 1996 amendment, OCGA § 17-3-1[1] established a seven-year statute of limitation applicable to crimes punishable by death or life imprisonment (e.g., rape) and to felonies against victims under the age of fourteen years." (Footnote omitted.) *State v. Barker*, 277 Ga. App. 84, 86 (2) (625 SE2d 500) (2005). "A person convicted of the offense of rape shall be punished by death, by imprisonment for life without parole, by imprisonment for life, or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life." OCGA § 16-6-1 (b).

"In 1996, OCGA § 17-3-1 was amended to provide that prosecution for the crime of forcible rape must be commenced within 15 years after the commission of the crime." (Punctuation and footnote omitted.) *Barker*, supra, 277 Ga. App. at 86 (2); OCGA § 17-3-1. This statute became effective on July 1, 2006. OCGA § 1-3-4 (a).

The federal Constitution prohibits the enactment of any ex post facto law. See U. S. Const., Art. I, Sec. 9, Clause 3 and Sec. 10, Clause 1. Similarly, the Georgia Constitution prohibits the passage of any ex post facto law. Ga. Const. of 1983, Art. I, Sec. I, Par. X.

> To determine whether a penal statute is an ex post facto law, we employ a three-step analysis: First, we ask whether the law applies retrospectively. (Cit.) If it does not, our

---

[1] The 1992, 1993 and 1994 versions of OCGA § 17-3-1 (b) provided, in relevant part, that aside from murder, "[p]rosecution for other crimes punishable *by death or life imprisonment must be commenced within seven years after the commission of the crime.*" (Emphasis supplied.) OCGA § 17-3-1 (b), (c). Ga. L. 1968, pp. 1249, 1266, § 1; Ga. L. 1987, p. 330, § 1.

inquiry is at an end. . . . A penal statute is retrospective if it alters the consequences for crimes committed prior to its enactment. [Cits.]

*Frazier v. State*, 284 Ga. 638, 639 (1) (668 SE2d 646) (2008).

The ex post facto clause of the Georgia Constitution prohibits the infliction of a greater punishment than was permitted by the law in effect at the time of the commission of the offense, the subsequent proscription of an act which was not a crime when done, the alteration of the quality or degree of the charge, the requirement of less or different evidence than was necessary at the time of the violation, and the deprivation of any substantial right or immunity possessed at the time the defendant committed the act.

(Citation omitted.) *Hamm v. Ray*, 272 Ga. 659 (1) (531 SE2d 91) (2000). A penal statute "enacted after expiration of a previously applicable limitations period violates the Ex Post Facto Clause when it is applied to revive a previously time-barred prosecution." *Stogner v. California*, 539 U. S. 607 (123 SC 2446, 156 LE2d 544) (2003); 21 AmJur2d, Criminal Law, § 250 (a statute extending the period of limitation "applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period [but] cannot operate to revive offenses that are barred at the time of its enactment") (footnotes omitted).

Here, Duke was indicted for rape on January 8, 2008. After his first trial ended in a mistrial, Duke's second attorney filed a plea in bar, alleging that the prosecution of Duke's trial in May 2008 was barred by the seven-year statute of limitation, which was in effect at the time the offenses were alleged to have occurred from 1992 until 1994. In denying the plea in bar, the trial court acknowledged that in 1992, the statute of limitation for rape was seven years, and in applying the earliest date alleged in the indictment, December 1, 1992, it concluded that such statute of limitation would have run on December 1, 1999. Noting the extension of the statute of limitation to 15 years as to forcible rape by the 1996 amendment to OCGA § 17-3-1, it also invoked the tolling provision set forth in OCGA § 17-3-2.1: the limitation period within which a prosecution of the rape of a victim under 16 years of age must be commenced "shall not begin to run until the victim has reached the age of 16 or the violation is reported to a law enforcement agency . . . whichever occurs earlier." OCGA § 17-3-2.1 (a) (2) (tolling statute applies to any offense of forcible rape occurring on or after July 1, 1992).

Given the foregoing, the trial court correctly concluded that the State had 15 years from the victim's 16th birthday on January 12,

1995, or until January 12, 2010 to prosecute the case. OCGA § 17-3-2.1. Since the indictment in this case was filed on January 8, 2008, the prosecution of Duke's case was within the statute of limitation and does not violate the prohibition against ex post facto laws in the federal and Georgia Constitutions. See *Stogner*, supra, 539 U. S. at 608; *Frazier*, supra, 284 Ga. at 639 (1); *Barker*, supra, 277 Ga. App. at 86 (2).

2. Duke argues that the trial court erred in denying his *Jackson-Denno* motion and allowing the videotape of his conversation with the victim to be replayed for the jury. We are not persuaded.

Duke contends that the State engaged in trickery in securing the videotape between him and the victim, rendering the statement involuntary. During the *Jackson-Denno* hearing in the first trial, Duke did not raise the issue of the State's involvement in recording the conversation between the victim and himself. Therefore, Duke has waived the right to complain of this issue on appeal. "Objections not raised at trial cannot be raised for the first time on appeal, as they are deemed waived." (Citations and punctuation omitted.) *Dunn v. State*, 208 Ga. App. 197 (3) (430 SE2d 50) (1993).

Pursuant to the jury's request to rehear the conversation between Duke and the victim, the trial court allowed the jury to view the DVD a second time in its entirety. A trial court has the discretion to replay evidence that the jury asks to rehear. See *Davis v. State*, 246 Ga. App. 877, 878 (1) (542 SE2d 626) (2000). We find no abuse of discretion in the trial court's decision to replay the requested recording between Duke and the victim.

3. Duke contends that the trial court erred in failing to admit letters written by the victim to him and family photographs into evidence. This contention lacks merit.

Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion. *Bradford v. State*, 221 Ga. App. 232, 234 (2) (471 SE2d 248) (1996). During cross-examination of the victim, Duke's trial counsel sought to tender e-mails, letters and cards written by her to Duke from 2003 until 2006 to show the nature of their relationship. The State objected on the grounds of hearsay and continuing witness, and the trial court sustained the objection on hearsay grounds. We conclude that the trial court did not abuse its discretion in preventing the admission of said writings because Duke's trial counsel was allowed to thoroughly examine the victim about the items, and elicit testimony that she had a good relationship with Duke such that she loved him, shared holidays, and attended family activities with him.

Duke also contends that the trial court erred in failing to admit family photographs, which showed a positive and happy relationship

between the victim, her siblings, and him. The fact that Duke allegedly had a positive relationship with the victim is irrelevant to whether Duke committed the rapes and has little or no probative value. Again, we find no abuse of discretion in the trial court's decision to exclude the family photographs.

4. Duke also alleges error in the trial court's failure to give his request to charge on bare suspicion. We find no error.

The requested charge on bare suspicion states: "Facts and circumstances that merely place upon the defendant a grave suspicion of the crime charged or that merely raise a speculation or conjecture of the defendant's guilt are not sufficient to authorize a conviction of the defendant." Ga. Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.20.20 (4th Ed. 2007). The evidence as set out above raised more than a mere suspicion that Duke was guilty of the crimes charged. See *Horne v. State*, 260 Ga. App. 640, 643 (5) (580 SE2d 644) (2003) (a defendant is not entitled to a charge on bare suspicion where the evidence raises more than a mere suspicion of his guilt). Further, since the trial court gave complete instructions on reasonable doubt and the presumption of innocence, the charge as a whole adequately covered the principles of law embodied in the bare suspicion charge. *Hafez v. State*, 290 Ga. App. 800, 802 (3) (a) (660 SE2d 787) (2008).

5. In light of the undisputed evidence of record and our disposition in Division 1, the trial court's denial of Duke's motion for directed verdict was not error. *Grant v. State*, 289 Ga. App. 230, 233 (3) (656 SE2d 873) (2008).

Given the foregoing, we affirm the trial court's order denying Duke's motion for a new trial.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JUNE 17, 2009 —
RECONSIDERATION DENIED JULY 6, 2009 — 

*Macklyn A. Smith*, for appellant.
*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.