## A09A0263. FLOURNOY v. THE STATE.
(682 SE2d 632)

ADAMS, Judge.

Curtis Neal Flournoy was convicted following a bench trial of two counts of rape (OCGA § 16-6-1), and sentenced to two concurrent terms of life imprisonment. He appeals following the denial of his motion for new trial and asserts that the trial court erred in denying (1) his motions for acquittal, directed verdict of acquittal and new trial based upon the running of the applicable statute of limitation; (2) his motions for acquittal, directed verdict of acquittal and new trial based on fatal flaws in the indictment; (3) his motion to suppress an audio statement he made to the victim; and (4) his motion for new trial based on ineffective assistance of counsel. We affirm.

1. Flournoy contends that the trial court erred in denying his

378

motions on the ground that the applicable statute of limitation ran on the rape offenses before he was charged. Flournoy was indicted on January 7, 2008, on two counts of rape. The first count arose from acts alleged to have occurred between January 1, 1992 and December 31, 1993 and the second from acts alleged to have occurred between January 1, 1994 and July 15, 1995. The victim, Flournoy's niece, was between five and eight years old at the time. It is undisputed that these incidents were first reported to the police as early as December 13, 1995, when the victim was eight years old.

"In criminal cases, the period of limitation runs from the commission of the offense to the date of the indictment. The burden is on the State to prove that a crime occurred within the applicable statute of limitation." (Citations and punctuation omitted.) *Duke v. State*, 298 Ga. App. 719, 720 (1) (681 SE2d 174) (2009). At the time these incidents are alleged to have occurred, OCGA § 17-3-1[1] "established a seven-year statute of limitation applicable to crimes punishable by death or life imprisonment (e.g., rape) and to felonies against victims under the age of fourteen years." (Footnote omitted.) *State v. Barker*, 277 Ga. App. 84, 86 (2) (625 SE2d 500) (2005). Under that version of the statute, the limitation period on the first count would have run no later than December 31, 2000 and the limitation period on the second count would have run by July 15, 2002. But effective July 1, 1992, the legislature enacted OCGA § 17-3-2.1, which tolled the statute of limitation for certain crimes committed against minors. Ga. L. 1992, p. 2973, § 1. Under subsection (a) (2) of that statute, if the victim of rape

> is under 16 years of age on the date of the violation, the applicable period within which a prosecution must be commenced under Code Section 17-3-1 . . . *shall not begin to run until the victim has reached the age of 16 or the violation is reported* to a law enforcement agency, prosecuting attorney, or other governmental agency, whichever occurs earlier.

(Emphasis supplied.) OCGA § 17-3-2.1 (a) (2). The parties agree that under this statute, the applicable limitation period began to run in December 1995, when the crimes were first reported to authorities.

In addition, in 1996, the legislature amended OCGA § 17-3-1 to extend the limitation period for the crime of "forcible rape" to 15

---

[1] The version of OCGA § 17-3-1 (b) in effect at this time provided, in relevant part, that "[p]rosecution for [crimes other than murder] punishable by death or life imprisonment must be commenced within seven years after the commission of the crime." Ga. L. 1968, pp. 1249, 1266 § 1; Ga. L. 1987, p. 330, § 1.

years. Ga. L. 1996, p. 1115, § 4, and the State contends that this amendment must be applied to extend the applicable limitation period in this case. Flournoy counters that any attempt to apply the 1996 amendment would constitute the imposition of an illegal ex post facto law.

But this court recently rejected that argument in a case with very similar facts. In *Duke v. State*, 298 Ga. App. at 720 (1), the defendant was indicted the day after Flournoy, on January 8, 2008, and charged with the rape of his daughter between January 1, 1992 and April 30, 1994. The victim was between 13 and 15 years of age during that time period. The crime was not reported to law enforcement until sometime in 2006 or 2007, long after the victim turned 16. This court affirmed the trial court's application of both the 1996 amendment to OCGA § 17-3-1 and the tolling provisions of OCGA § 17-3-2.1 in finding that the statute of limitation ran 15 years from January 12, 1995, the victim's 16th birthday, and thus did not expire until January 12, 2010. Id.

Applying the two statutes in this case, we find that the limitation period for Flournoy's crime runs 15 years from December 13, 1995. Thus, because the State had until December 13, 2010 to indict Flournoy, the January 7, 2008 indictment was timely. No ex post facto violation arises here because the original seven-year limitation period had not expired at the time OCGA § 17-3-1 was amended in 1996.

> Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto.

(Punctuation and footnote omitted.) *State v. Barker*, 277 Ga. App. at 86 (2).

Nevertheless, Flournoy also argues that the 1996 amendment is inapplicable here because he was not charged with "forcible rape" as contemplated by OCGA § 17-3-1 (b). He asserts, instead, that he was indicted under the language of OCGA § 16-6-1 (a) (2), which does not require proof of force to establish rape against a child under ten years of age. He contends, therefore, that the 15-year limitation period did not apply to his alleged crimes.

Each count of the indictment in this case charged that Flournoy "did then and there unlawfully have carnal knowledge of [the victim], a child under the age of ten (10) years old. . . ." In 1999, the

legislature amended OCGA § 16-6-1 to provide that a person commits the offense of rape in one of two ways. Under subsection (a) (1), a person commits rape when he has carnal knowledge of a "female forcibly and against her will," which tracked the established definition of rape prior to the 1999 amendment. Alternatively, under subsection (a) (2), a person commits rape when he has carnal knowledge of a "female who is less than ten years of age." Ga. L. 1999, p. 666, § 1. This amendment relieved the State from proving force in cases where a rape victim is under ten; proof of carnal knowledge alone establishes rape as a matter of law. *State v. Lyons*, 256 Ga. App. 377, 379 (568 SE2d 533) (2002).

Even assuming, without deciding, that the 15-year limitation period applies only to charges of forcible rape as defined under OCGA § 16-6-1 (a) (1), we find that it applies to the charges in this case. At the time the offenses here were committed, the element of force was a required element to establish rape, even where the victim was a child under ten years of age. See *State v. Collins*, 270 Ga. 42, 43 (508 SE2d 390) (1998); *Drake v. State*, 239 Ga. 232, 233-234 (1) (236 SE2d 748) (1977). The indictment alleges that Flournoy "unlawfully" had carnal knowledge of the victim between 1992 and 1995. The only carnal knowledge that was unlawful at that time was carnal knowledge forcibly and against the victim's will.[2] Accordingly, we find that the indictment asserted a charge of forcible rape within the meaning of OCGA § 17-3-1, and the trial court properly applied the 15-year limitation period in this case.[3]

2. Flournoy next contends that the trial court erred in denying his motions on the ground that the indictments were fatally flawed because they did not specifically allege the required element of force in charging him with rape. Instead, Flournoy asserts that the State erroneously indicted him under OCGA § 16-6-1 (a) (2), a statute that was not in effect at the time these offenses occurred. But we found in Division 1 that by alleging "unlawful" carnal knowledge during 1992 to 1995, the indictment asserts a charge of forcible rape under the law in effect prior to the 1996 amendment. The indictment, therefore, did establish cognizable charges against Flournoy.

While the indictments could have been more artfully drafted, Flournoy filed no special demurrers as to the form of the indictment and thus waived any argument in this regard. *Dasher v. State*, 285

---

[2] Moreover, we note that the trial court specifically found that the State had introduced evidence at the bench trial to establish forcible rape.

[3] Alternatively, Flournoy notes that because the indictment failed to allege force, he asserts that it alleged no more than statutory rape or child molestation, to which a shorter statute of limitation applies. OCGA § 17-3-1. We find no merit to this argument as the indictment clearly alleges that Flournoy committed rape under OCGA § 16-6-1.

Ga. 308 (2) (676 SE2d 181) (2009) (failure to file a timely special demurrer waives right to be tried on a perfect indictment). Flournoy did file "General Demurrers," alleging that the indictment failed to adequately charge him with any offense against Georgia law and that it was "vague and uncertain and fail[ed] to sufficiently set out the charges" against him, but he formally withdrew them on the day of trial. His trial attorney explained that he had concluded that he could not both attack the indictment and successfully argue the statute of limitation defense. And even if his motion for directed verdict of acquittal could be considered in the nature of a special demurrer, the trial court correctly found that such a demurrer would be untimely as demurrers must be filed "within ten days after the date of arraignment" under OCGA § 17-7-110.[4]

3. Flournoy also argues that the trial court erred in denying his motion to suppress an audio recording of a statement he made to the victim. Although the statement was noncustodial in nature, it was not admissible unless it was made voluntarily, considering the totality of the circumstances. *Dean v. State*, 292 Ga. App. 695, 698-699 (1) (665 SE2d 406) (2008). "Under the provisions of OCGA § 24-3-50, to make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." (Citations and punctuation omitted.) Id. at 699 (1).

The trial court held a hearing to determine whether the statement at issue was admissible. The evidence showed that in 2007, the victim purchased a digital recorder, concealed it on her person and confronted Flournoy about the incidents in this case. The conversation occurred in the yard at her aunt's house. The victim testified that Flournoy spoke to her willingly, that she did not promise him anything to make the statement, and she did not threaten him into making it. She admitted, however, that prior to making the recording, she discussed with police the idea of confronting Flournoy with a hidden tape recorder. The victim conceded that she understood the legal significance of getting Flournoy to admit to the fact of penetration, and she believed that she accomplished that during their conversation. The police officer whom the victim consulted also testified that he discussed the recording with her and the legal requirements of proving rape before she confronted Flournoy. The trial court concluded, considering the totality of the circumstances,

---

[4] Although Flournoy asserts his trial counsel's failure to properly raise these issues below as a basis for his claim of ineffective assistance of counsel, he failed to raise this argument at the hearing on the motion for new trial, and it is accordingly waived. *Daniel v. State*, 292 Ga. App. 560, 565 (4) (c) (665 SE2d 696) (2008) (appellant cannot raise and request a ruling on a ground of argument that he did not make below).

that Flournoy's statement was voluntary and thus admissible. Because evidence in the record supported the trial court's conclusion, we affirm. *Hall v. State*, 176 Ga. App. 428, 429 (1) (336 SE2d 291) (1985) ("Unless clearly erroneous, a trial court's findings as to factual determinations and credibility relating to admissibility will be upheld on appeal. [Cits.]") (punctuation omitted).

4. Flournoy also raised the issue of ineffective assistance of counsel in his motion for new trial.

> To establish ineffective assistance of counsel under *Strickland v. Washington*, [466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984),] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency.

(Citation omitted.) *Kurtz v. State*, 287 Ga. App. 823, 825 (652 SE2d 858) (2007). "Making that showing requires that [Flournoy] rebut the strong presumption that [his] lawyer's conduct falls within the wide range of reasonable professional assistance." (Citation omitted.) *Simpson v. State*, 278 Ga. 336, 337 (2) (602 SE2d 617) (2004). "As a general rule, matters of reasonable trial tactics and strategy, whether wise or unwise, do not amount to ineffective assistance of counsel. A reviewing court evaluates trial counsel's performance from counsel's perspective at the time of trial." (Citation and punctuation omitted.) *Beck v. State*, 292 Ga. App. 472, 474 (2) (a) (665 SE2d 701) (2008). This court will not reverse a trial court's findings under either prong of the *Strickland* test unless clearly erroneous. *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

Flournoy argued only one ground in support of the claim of ineffective assistance of counsel at the hearing on that motion. He argued that the trial attorney should have investigated more thoroughly and made a motion for mistrial when new evidence arose at trial that tended to show another potential perpetrator of the crimes. Flournoy asserted that the failure to take appropriate action may have been due to trial counsel's low blood sugar during the trial, which "created a lack of thought process." Flournoy also conceded, however, that his trial counsel's failure to take further action in response to the new evidence may have been a matter of trial tactics and not error. Flournoy's trial attorney did not testify at the hearing on the motion for new trial.

Flournoy's trial attorney did ask for permission to eat something during the trial because he had developed a blood sugar issue that led

to migraines and passing out. The trial court granted counsel's request to eat in order to avoid any problem. Subsequently, the prosecutor represented that a police officer had just given him some "additional notes that he had never seen from another police officer." At the time, Flournoy's trial attorney was questioning a witness for the defense. The prosecutor gave the notes to defense counsel, who took the opportunity to review them before questioning the witness regarding their contents. During that questioning, he brought out the fact that the notes showed that another individual named "Slim" may have molested the victim when she was between the ages of five and seven.

We find that Flournoy has failed to carry his burden of showing that his trial counsel's performance was deficient in this regard. Without the trial attorney's testimony, we find that Flournoy has failed to overcome the presumption that his attorney's decision not to move for a continuance or a mistrial may have been a matter of trial strategy, which Flournoy himself conceded at the hearing. And without more than a mere suggestion regarding trial counsel's blood sugar levels, Flournoy has not established that the attorney was in any way incapacitated by a medical condition. Under the evidence of record, we conclude that the trial court's decision to deny the motion for new trial on this ground was not clear error.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JULY 9, 2009 —
RECONSIDERATION DENIED JULY 27, 2009

*Macklyn A. Smith*, for appellant.
*Peter J. Skandalakis, District Attorney, Kevin T. McMurry, Assistant District Attorney*, for appellee.