# Court of Appeals
# of the State of Georgia

ATLANTA,    May 22, 2012

*The Court of Appeals hereby passes the following order:*

**A12A1687.  DEON KELLEY v. THE STATE.**

In 1987, Deon Kelley pled guilty to three counts of burglary and was sentenced as a first offender to five years probation.  In 1988, Kelley's probation was revoked, and he was re-sentenced to serve twenty years to run concurrent on all three counts. In 2010, Kelley filed a "motion to vacate void sentence."  The trial court denied the motion on November 9, 2010, but then granted a motion for out-of-time appeal. Kelley filed this appeal.

A direct appeal may lie from an order denying or dismissing a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Kelley does not contend that his sentence exceeds the legal limits.  Rather, he contends that his guilty plea was invalid for a variety of reasons.  Because he has not raised a colorable argument that his sentence is void, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 05/22/2012
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*