# Court of Appeals
# of the State of Georgia

ATLANTA,    August 08, 2012

*The Court of Appeals hereby passes the following order:*

**A12A2244.  DANIEL HARGROVE v. THE STATE.**

Daniel Hargrove was found guilty of several offenses, including family violence aggravated battery and family violence aggravated assault. He subsequently filed a "Motion to Vacate Unconstitutional, Null and Void Sentences" based upon the State's alleged failure to prove venue.  The trial court denied the motion, and Hargrove filed this direct appeal. We lack jurisdiction.

A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Here, however, Hargrove does not argue that his sentence falls outside the permissible range of punishment.  Accordingly, he has not raised a colorable void-sentence claim.

Moreover, to the extent Hargrove challenges his conviction as void, we cannot consider his claim.  "[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case." *Harper*, supra at 218.  Any appeal from an order denying such a motion must be dismissed.  See id.; *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, Hargrove's appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,* 08/08/2012
      *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*