# Court of Appeals
# of the State of Georgia

ATLANTA,____June 27, 2013_____

*The Court of Appeals hereby passes the following order:*

**A13A2027.  RODNEY BARNETT COLLINS v. THE STATE.**

Rodney Barnett Collins was convicted of aggravated assault and other crimes, and we affirmed his convictions on appeal.  *Collins v. State*, 263 Ga. App. 601 (588 SE2d 799) (2003).  He later filed a "Motion to Vacate Unconstitutional, Null and Void Sentence," alleging that his sentence is void because the indictment was defective and the state failed to prove venue at trial.  The trial court denied the motion, and Collins appeals.  We, however, lack jurisdiction.

A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 n. 1 (1) (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

Collins does not argue that his sentence falls outside the permissible range of punishment.  Rather, his arguments concerning venue and the validity of his indictment are challenges to his convictions, not his sentence.  See *Williams v. State*, 287 Ga. 192, 193 (695 SE2d 244) (2010) ("[A] challenge to a void *sentence* presupposes that the trial court was authorized to sentence the defendant but the sentence imposed was not allowed by law.").  But "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," and any appeal from an order denying such a motion must be dismissed.  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009); see also *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Because Collins has not raised a valid void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 06/27/2013
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*