# Court of Appeals
# of the State of Georgia

ATLANTA, January 16, 2014

*The Court of Appeals hereby passes the following order:*

**A14A0745.  HUMBERTO QUISPILAYA v. THE STATE.**

In June 2000, Humberto Quispilaya pled guilty to first degree forgery and was sentenced to serve two years in jail.  In the sentencing order, the trial court noted that the "sentence shall be suspended upon deportation by the [Immigration and Naturalization Service]."  Years later, Quispilaya filed a "Motion to Correct a Void Sentence," arguing that his sentence was void because the trial court "impermissibly and illegally" ordered that the sentence would be suspended upon deportation.  According to Quispilaya, a State court is not authorized to include deportation in a sentence as deportation is governed by federal law.

Although a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, the defendant must raise a colorable claim that the sentence is, in fact, void or illegal.  See *Harper v. State*, 286 Ga. 216, 218 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).

"Georgia courts are vested with broad discretion when determining the appropriate sentence to impose upon a criminal defendant, and it is the duty of the trial court to exercise that discretion as to all aspects of the sentence that it imposes." *Trujillo v. State*, 304 Ga. App. 849, 852 (2) (698 SE2d 350) (2010). Moreover, a trial court is authorized to consider a defendant's illegal alien status as a relevant factor in sentencing.  See id. at 853.  Because the trial court was authorized to enter Quispilaya's sentence, it is not void.  See, e. g., *Wilson v. State*, 151 Ga. App. 501, 504 (8) (261 SE2d 527) (1979) (sentence suspended following banishment not void).

And as Quispilaya failed to raise a colorable void-sentence claim, this appeal is DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,* 01/16/2014
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*