# Court of Appeals
# of the State of Georgia

ATLANTA,___March 21, 2014___

*The Court of Appeals hereby passes the following order:*

## A14A1133.  DAVID L. TOLBERT v. THE STATE.

David L. Tolbert was convicted of armed robbery, and his conviction was affirmed on appeal.  See *Tolbert v. State*, 313 Ga. App. 46 (1) (720 SE2d 244) (2011).  In 2013, Tolbert filed a "Motion to Vacate Void Sentence," arguing that the trial court lacked jurisdiction to proceed over his trial.  The trial court denied the motion, and Tolbert appeals.

While a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, this is true only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal.  See *Harper v. State*, 286 Ga. 216, 217-218 (1)(686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow.  *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Here, Tolbert has not raised a colorable claim that his sentence is void.  Rather, he challenges the validity of his conviction.  Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, 03/21/2014___
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*