# Court of Appeals
# of the State of Georgia

ATLANTA, September 04, 2014

*The Court of Appeals hereby passes the following order:*

## A14A2340.  JOSHUA J. FLOWERS v. THE STATE.

In November 2012, Joshua J. Flowers pled guilty to armed robbery and possession of a firearm or knife during the commission of a felony.  In April 2014, he filed a pleading styled, "Affidavit Of Fact To Dismiss This Case Do [sic] To Lack of Subject Matter And Personal Jurisdiction Over The Petitioner."  The trial court dismissed the pleading.[1]  Flowers then filed a "Request for Disposition of Indictments, Information, Or Complaint."  The trial court denied this request, and Flowers filed a timely notice of appeal.  We, however, lack jurisdiction.

To the extent that Flowers wishes to appeal the order denying his "Affidavit Of Fact &c" pleading, the Supreme Court has held that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).  A direct appeal lies from an order denying or dismissing a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  And a sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Flowers does not contend that his sentence exceeded the bounds permissible by law; rather, he complains that the state failed to prove that the trial court had

---

[1] Flowers filed an untimely notice of appeal, which the trial court refused to process on the ground that it was deficient in several respects.

jurisdiction to hear his case. Because Flowers is not authorized to collaterally attack his conviction in this manner, we lack jurisdiction to consider any appeal from the trial court's denial of his "Affidavit Of Fact &c" pleading.

To the extent that Flowers wishes to appeal the denial of his request for disposition, an appeal of an issue that has become moot is subject to dismissal. See OCGA § 5-6-48 (b) (3). And a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361 (3) (a) (489 SE2d 99) (1997). As there appear to be no matters pending below that require disposition, Flowers's request for a disposition is moot, and his appeal of the denial of that request is likewise moot.

For the foregoing reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/04/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


*, Clerk.*