# Court of Appeals
# of the State of Georgia

ATLANTA,____July 20, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A1615.  ROBERT DUKE v. THE STATE.

Robert Wayne Duke was convicted of three counts of rape, and we affirmed his convictions.  See *Duke v. State*, 298 Ga. App. 719, 719 (681 SE2d 174) (2009).  In 2014, he filed a motion to modify his sentence.  The trial court denied the motion, and Duke then filed this direct appeal.  We, however, lack jurisdiction.

A trial court has limited authority to modify a sentence after it is imposed. Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void – that is, if it exceeds the statutory maximum. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Duke's motion to modify his sentence is based on his assertion that the Department of Corrections listed an erroneous date on his sentence computation form. Because Duke does not contend that his life sentences exceed the statutory maximum for his rape convictions, he has not raised a colorable void-sentence argument.[1] Accordingly, this appeal is hereby DISMISSED. See *Frazier*, supra at 349.

---

[1] Where a defendant is aggrieved by the calculation of credit for time served on his legitimate sentence, he must seek relief from the Department of Corrections. See *Cutter v. State*, 275 888 (2) (622 SE2d 96) (2005).  Dissatisfaction with that relief may be asserted in a mandamus or injunction action against the Commissioner of the Department of Corrections, or in a petition for habeas corpus.  See id.; *Maldonado v. State*,  260 Ga. App. 580 (580 SE2d 330) (2003).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*___07/20/2015___

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___*Stephen E. Castlen*___ *, Clerk.*