# Court of Appeals
# of the State of Georgia

ATLANTA,_January 26, 2017_____

*The Court of Appeals hereby passes the following order:*

**A17A0892. AMOS SANDERS v. THE STATE.**

Amos Sanders entered guilty pleas in two cases and was convicted thereon in 2002. Sanders filed a motion to modify his sentence, and that motion was denied in 2003. In 2016, Sanders filed a "Motion that Sentence Reflect the Truth," asking the trial court to resentence him in accordance with the plea agreement. In March 2016, the trial court denied that motion. When Sanders appealed the denial of that motion, we dismissed his appeal, explaining that the motion was neither timely filed under OCGA § 17-10-1 (f) (allowing a trial court to correct or reduce sentence during the year after its imposition or within 120 days after remittitur following a direct appeal), nor had the motion raised a colorable claim that Sanders's sentence was void. See Case No. A16A1431 (dismissed April 20, 2016). See generally *Reynolds v. State*, 272 Ga. App 91, 95 (3) (611 SE2d 750) (2005).

Sanders then filed a motion captioned "Motion for Out of Time Appeal Breach of Plea Agreement." Denying that motion, the trial court explained that despite the caption of the motion, Sanders did not allege that he was entitled to an out of time appeal; instead, Sanders was again asking the court to resentence him in accordance with the plea agreement, and was raising the same arguments rejected by the trial court in its March 2016 order.

Sanders now appeals from the denial of that motion. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511-512 (2) (559 SE2d 528)

(2002). Our ruling in the prior case acts as res judicata. See *Jordan*, supra at 512 (2); *Echols*, supra. Thus, Sanders is estopped from seeking further judicial review on the validity of his sentence on such grounds asserted. See *Jordan*, supra; *Echols*, supra.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__01/26/2017_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*