# Court of Appeals
# of the State of Georgia

ATLANTA,  February 09, 2017

*The Court of Appeals hereby passes the following order:*

## A17A0953. CURTIS N. FLOURNOY v. THE STATE.

Following a bench trial, Curtis N. Flournoy was found guilty of two counts of rape, and his convictions were affirmed on appeal. See *Flournoy v. State*, 299 Ga. App. 377 (682 SE2d 632) (2009). Flournoy subsequently filed a motion to set aside an allegedly null and void sentence, asserting that his sentence should be declared void because it was the result of bias against him. The trial court denied the motion on March 1, 2016, and Flournoy filed a notice of appeal on May 4, 2016. We lack jurisdiction for two reasons.

First, to be timely, a notice of appeal must be filed within 30 days after entry of the order on appeal. See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Here, Flournoy's notice of appeal was filed 64 days after entry of the trial court's order.

Second, although a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, a defendant must first raise a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002).  Here, Flournoy does not assert that the trial court imposed a sentence the law does not allow.  Rather, he takes issue with the fairness of his underlying conviction.  The Supreme Court has made clear, however, that a motion seeking to challenge an

allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

For these reasons, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  02/09/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*