# Court of Appeals
# of the State of Georgia

ATLANTA,  March 14, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0318.  MARCO JILES v. THE STATE.**

Marco Jiles was found guilty of armed robbery and aggravated assault, and we affirmed his convictions on appeal.  See Case No. A09A1511 (affirmed July 17, 2009).  In 2016, he filed a motion to vacate a void judgment.  The trial court dismissed the motion, and Jiles filed this application for discretionary appeal.

"[A] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case."  *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009).  Any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  An appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper*, 286 Ga. at 217 n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  Thus, when a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Jiles does not claim that his sentence exceeded legal limits. Rather, he claims that his trial counsel rendered ineffective assistance. As this argument constitutes a challenge to the validity of his convictions, not his sentence, we lack jurisdiction. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/14/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



    *, Clerk.*