# Court of Appeals
# of the State of Georgia

ATLANTA,  May 02, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1390.  CHARLES A. ROWE, JR. v. THE STATE.

Charles A. Rowe, Jr. pled guilty to three counts of robbery, and the trial court imposed a 60-year sentence, with the first 20 years to be served in confinement, and the remainder to be served on probation.  Rowe then filed a motion to vacate a void judgment.  The trial court denied the motion, and Rowe filed this direct appeal.  We, however, lack jurisdiction.

To the extent that Rowe seeks to challenge his convictions, "a petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case," *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009), and any appeal from an order denying or dismissing such a motion must be dismissed.  See id. at 218 (2); *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).  To the extent that Rowe seeks to challenge the validity of his sentence, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Rowe has not raised a colorable claim that his sentence is void.  Rather, Rowe claimed that the trial court lacked jurisdiction to accept his guilty plea. This is

a challenge to his convictions, not his sentence. See *Harper*, 286 Ga. at 216-217 (defendant's argument that trial court "lacked jurisdiction to hear his case" was a challenge to his conviction). In addition, Rowe asserted a claim of ineffective assistance of counsel, which does not constitute a valid void sentence claim. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002) (allegation of ineffective assistance of counsel was not colorable void sentence claim).

Consequently, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   05/02/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*