# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1928. FRANKLIN J. MCGILL v. THE STATE.**

In October 2015, Franklin J. McGill pleaded guilty to numerous offenses, including family violence aggravated assault, recidivist family violence battery, theft by taking, and fleeing or attempting to elude a police officer, for which the trial court sentenced him to a total of seven years in confinement.[1] McGill previously moved to withdraw his guilty plea, and we affirmed the trial court's denial of that motion in an unpublished opinion. See *McGill v. State*, Case No. A16A1840 (decided Jan. 20, 2017). McGill then moved to vacate his sentence, arguing that several of the offenses should have merged for sentencing purposes. The trial court denied the motion, and McGill filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that

_____

[1] McGill also pleaded guilty to being a habitual felon, which resulted in him being ineligible for parole. See OCGA § 17-10-7 (c).

sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, McGill argued that the trial court erred in failing to merge certain offenses. McGill's merger argument is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). McGill has not raised any claim that his sentence is excessive. Because McGill has not raised a valid void-sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  07/19/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*