# Court of Appeals
# of the State of Georgia

ATLANTA,  February 17, 2023

*The Court of Appeals hereby passes the following order:*

**A23A0899. JASON BAILEY v. THE STATE.**

In 2014, Jason Bailey was convicted and sentenced on one count of aggravated assault and one count of possession of a firearm during the commission of a felony. Bailey's convictions were affirmed on appeal. See Case No. A16A1580 (decided March 10, 2017). Since that time, Bailey has filed numerous motions to reduce or modify his sentence, each of which was denied or dismissed by the trial court. Most recently, in April 2022, Bailey filed a motion to vacate his void sentence. The trial court entered an order dismissing the motion, and Bailey filed this direct appeal.

Under OCGA § 17-10-1 (f), a trial court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Bailey filed this motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only when the trial court imposes punishment that the law does not allow. *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). "Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is,

in fact, void. *Frazier*, 302 Ga. App. at 348.

Here, Bailey has failed to raise a colorable claim that his sentence is void. In his motion, Bailey asserted claims of evidentiary errors and prosecutorial misconduct. He did not allege that his sentence exceeds the statutory maximum. Rather, he sought, in substance, to challenge the validity of his convictions. The Supreme Court of Georgia has made clear that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Bailey is not authorized to collaterally attack his convictions in this manner, his appeal is hereby DISMISSED. See id.



Court of Appeals of the State of Georgia
Clerk's Office,
Atlanta, ___02/17/2023___

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

___Stephen E. Castlen___ , *Clerk.*