111 Ga. App. 555 (1965)
142 S.E.2d 304
DIXON
v.
THE STATE.
41236.
Court of Appeals of Georgia.
Submitted April 6, 1965.
Decided April 14, 1965.
Casey Thigpen, for plaintiff in error.
Walter C. McMillan, Jr., Solicitor General, contra.
PANNELL, Judge.
1. While the Act of 1955, approved March 8, 1955, amending Ch. 26-45 of the Code (Ga. L. 1955, p. 578), struck Code § 26-4507 relating to the crime of escape of misdemeanor convicts, and struck Code § 26-4509, relating to the crime of escape of felony convicts, and enacted a new Code § 26-4507, in lieu of the old, the new Code section relating to both, the offense with which the defendant is here charged was one of escape occurring prior to the Act of 1955, which offense, under the provisions of Code § 26-103 "shall be prosecuted and punished under the laws in force at the time of the commission thereof, notwithstanding the repeal of such laws before such trial takes place." Patton v. State, 80 Ga. 714 (6 SE 273).
2. The offense of escape from the penitentiary under former Code § 26-4509 was not indictable until the escapee was "thereafter retaken" and the statute of limitation as to prosecution therefor did not begin to run until the retaking, Smith v. State, 8 Ga. App. 297, 298 (68 SE 1071); therefore, an indictment thereunder which alleges that the escape occurred more than four years prior to the return of the indictment, but does not show when the escapee was thereafter retaken, does not on its face show that the four year statute of limitation against prosecuting has run (Code § 27-601), and is not subject to demurrer on that ground.
3. However, "the indictment must not only show to the court upon its face, that a public law of the State has been violated, but it should also appear, that the defendant has been indicted *556 therefor, in the manner, and within the time, prescribed by the laws of the land," (McLane v. State, 4 Ga. 335, 340; Taylor v. State, 44 Ga. App. 64, 74, 160 SE 667), and an indictment which does not show on its face that the offense charged was committed within the statute of limitation is defective (Love v. State, 70 Ga. App. 40, 41, 27 SE2d 337; Tipton v. State, 119 Ga. 304 (1), 46 SE 436), and because of its failure "to allege the commission of an offense within the statutory period of limitation is fatally defective and sets out no offense against the laws of the State." Taylor v. State, 44 Ga. App. 64, 74, supra. The trial court erred in not sustaining the motion to quash the indictment on this ground, it not appearing from the indictment that the alleged escapee was "thereafter retaken" within four years prior to the return of indictment. Code § 27-601.
Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.