**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 28, 2018**

# In the Court of Appeals of Georgia

A18A0286. LYNCH v. THE STATE.

REESE, Judge.

A jury found Raoul Lynch guilty of committing rape, kidnapping with bodily injury, two counts of aggravated assault, and burglary.[1] He appeals from the denial of his motion for new trial, contending that the trial court erred in denying his plea in bar and in instructing the jury, that the prosecution on the charges violated his constitutional rights, that he received ineffective assistance of counsel, and that the evidence was insufficient to support his kidnapping conviction. For the reasons set forth infra, we reverse his convictions and remand this case to the trial court for a new trial solely on the rape charge.

---

[1] See OCGA §§ 16-6-1 (a) (1); 16-5-40 (a), (d) (4); 16-5-21 (a) (2); 16-7-1 (b).

Viewed in the light most favorable to the jury's verdict,[2] the record shows the following facts. Late on the evening of June 5, 1995, a woman (hereinafter, "the victim") was entering her Fulton County condominium unit ("condo") when a man grabbed her around her throat with "extreme force" and placed her in a headlock. The victim was unable to scream due to being choked. The man pushed her inside the condo while repeatedly demanding "Give me all your money" and "Where [are] we at?" Once inside the condo, the man punched her in the face several times, then pushed her toward the back of the condo and shoved her into a wall, telling her, "Don't make a sound." While the victim begged the man not to kill her, he pushed her into her bedroom and shoved her against a bedpost with such force that it broke in half. The man demanded her money and jewelry, and she told him to take her wallet, her car, and anything in the condo in the hope that he would leave.

The man, however, forced the victim to her knees, used her belt to tie her hands behind her back, and tied a towel around her face so that she could not see and had difficulty breathing. The man picked her up, threw her on her bed, and pulled off her underwear. He grabbed her hair and raped her for a "very, very long time" in a

---

[2] See *Walker v. State*, 329 Ga. App. 369, 370 (765 SE2d 599) (2014).

manner the victim described as "brutal," while she begged him to stop. The man also anally sodomized her and forced her to perform oral sex on him.

During the attack, which lasted several hours, the victim was only able to get brief glimpses of the assailant because the lights were off in the condo and, during most of the attack, there was a towel covering her face. Eventually, the man got dressed and, as he was leaving the condo, told her that, if she reported the assault, she "might not make it next time."

After the man left, the victim called her parents and 911 to report the assault. She was transported by ambulance to a hospital, where she received treatment for her multiple injuries. An emergency room physician also performed a sexual assault examination on the victim and collected bodily fluids, hair clippings, and other evidence from her for a sexual assault kit that was then provided to the Fulton County Police Department. The police department, in turn, delivered the sexual assault kit, along with evidence collected from the victim's condo, to the Georgia Bureau of Investigation's Division of Forensic Sciences ("crime lab") for testing.

On October 4, 2001, a crime lab forensic biologist compared a profile that had been created from a sample of deoxyribonucleic acid ("DNA") from the assailant in this case to DNA profiles that had been entered into the national Combined DNA

Index System ("CODIS") database. According to the forensic biologist, the assailant's DNA profile matched a profile that had been created from a DNA sample obtained from the Appellant.

Based upon the DNA match in the CODIS database, a Fulton County officer obtained an arrest warrant for the Appellant on October 30, 2001. However, the officer failed to enter the warrant into the state-wide Georgia Crime Information Computer ("GCIC") system. It was not until July 2002, when another officer was assigned to the case, that the warrant was entered into the GCIC system. Although officers then obtained addresses where the Appellant had recently lived, when they attempted to locate him at those addresses, they found the residences unoccupied.[3] The Appellant was eventually arrested in New York and returned to Fulton County in August 2007.

In May 2005, about four years after the Appellant's DNA was matched with the assailant in this case on the CODIS database, the State filed an indictment charging the Appellant with rape, kidnapping with bodily injury ("kidnapping"), two

---

[3] Notably, the record shows that, had the warrant been timely entered into the GCIC system, the Fulton County officers would have learned that the Appellant had been arrested for a misdemeanor and was being held in the DeKalb County jail in December 2001. By the time the warrant was entered into the GCIC system, however, the Appellant had been released from custody.

counts of aggravated assault, and battery.[4] In June 2008, the State filed another indictment against the Appellant, charging him with the same crimes as in the 2005 indictment, but adding language to each count stating that his identity as the perpetrator had been established through deoxyribonucleic acid (DNA) evidence.[5] The Appellant was arraigned on the 2005 and 2008 indictments on July 18, 2008. Then, in September 2010, the State filed a third indictment that charged the Appellant with the same crimes and included the same DNA-related language as in the previous indictments, but each count also included the statement that "the identity of the accused was not known to the State until October 4, 2001[.]"

In November 2010, the Appellant filed a plea in bar challenging the validity of the indictments, arguing that the 2005 indictment was fatally defective because it was filed outside of the applicable statute of limitation periods and did not allege any tolling provisions or exceptions to the running of the statutes of limitation. He also argued that, because the 2005 indictment was fatally defective, the 2008 and 2010 indictments were impermissible superseding indictments that could not relate back

---

[4] The indictment also charged the Appellant with two counts of aggravated sodomy, but the jury acquitted him of those charges at trial, and they are not at issue in this appeal.

[5] See Division 2, infra.

5

to the invalid 2005 indictment as a matter of law. According to the Appellant, because he could not be tried on an invalid indictment, the charges against him had to be dismissed.

The trial court denied the plea in bar, concluding that the State had timely filed the 2005 indictment and that the 2005 indictment was still pending at the time the State filed the 2008 and 2010 indictments. The court ruled, therefore, that the 2008 and 2010 indictments were valid superseding indictments because they related back to the 2005 indictment. The court also found that, because the Appellant failed to file a demurrer or plea in bar challenging the validity of the 2005 and 2008 indictments within ten days after arraignment on those indictments, he had waived his challenge to the validity of those indictments.

The case proceeded to trial and, in April 2011, a jury found the Appellant guilty of rape, kidnapping, two counts of aggravated assault, and burglary. The trial court denied the Appellant's motion for new trial, and this appeal followed.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*,[6] and does not

---

[6] 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

weigh the evidence or determine witness credibility. Any conflicts or inconsistencies in the evidence are for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, we must uphold the jury's verdict.[7]

"The standard of *Jackson v. Virginia*,[8] is met if the evidence is sufficient for any rational trier of fact to find the defendant guilty beyond a reasonable doubt of the crime charged."[9] With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

1. As an initial matter, we must address the Appellant's contention that the trial court erred in applying the 1996 amendment to former OCGA § 17-3-1 (b),[10] which extended the statute of limitation period for rape from seven to fifteen years,[11] to the

---

[7] *Walker*, 329 Ga. App. at 370 (punctuation and other footnote omitted).

[8] 443 U. S. at 319 (III) (B).

[9] *Bautista v. State*, 305 Ga. App. 210, 211 (1) (699 SE2d 392) (2010).

[10] See Ga. L. 1996, pp. 1115, 1117, § 4. The amendment became effective on July 1, 1996. *State v. Barker*, 277 Ga. App. 84, 87 (2) (625 SE2d 500) (2005); see also Ga. L. 1996, p. 1118, § 6 (Act was approved on April 15, 1996); OCGA § 1-3-4 (a) (1) ("Unless a different effective date is specified in an Act[, an] Act which is approved by the Governor . . . on or after the first day of January and prior to the first day of July of a calendar year shall become effective on the first day of July[.]").

[11] See *Duke v. State*, 298 Ga. App. 719, 720 (1) (681 SE2d 174) (2009) ("Prior to its 1996 amendment, OCGA § 17-3-1 established a seven-year statute of limitation

1995 rape in this case, arguing that it constituted an unconstitutional retroactive application of the amendment. We disagree.

(a) Both the federal and state constitutions prohibit the enactment of an ex post facto law.[12] "To determine whether a penal statute is an ex post facto law, we employ a three-step analysis: First, we ask whether the law applies retrospectively. If it does not, our inquiry is at an end. A penal statute is retrospective if it alters the consequences for crimes committed prior to its enactment."[13] Such consequences include, among other things,

> the infliction of a greater punishment than was permitted by the law in effect at the time of the commission of the offense, the subsequent proscription of an act which was not a crime when done, the alteration of the quality or degree of the charge, the requirement of less or different evidence than was necessary at the time of the violation, and the

---

applicable to crimes punishable by death or life imprisonment (e.g., rape) and to felonies against victims under the age of fourteen years. . . . In 1996, OCGA § 17-3-1 was amended to provide that prosecution for the crime of forcible rape must be commenced within 15 years after the commission of the crime.") (citations and punctuation omitted).

[12] See U. S. Const., Art. I, Sec. IX, Cl. III, and Sec. X, Cl. I; Ga. Const. of 1983, Art. I, Sec. I, Par. X; see also *Duke*, 298 Ga. App. at 720 (1).

[13] *Duke*, 298 Ga. App. at 720-721 (1) (citation and punctuation omitted).

deprivation of any substantial right or immunity possessed at the time the defendant committed the act.[14]

In *Flournoy v. State*,[15] this Court rejected the defendant's argument that the 1996 amendment to OCGA § 17-3-1 (a) was unconstitutionally applied in the prosecution of a rape that was committed in 1995. Specifically, this Court ruled that,

> [w]here a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto.[16]

Thus, this Court found that the limitation period for the rape committed by Flournoy on December 13, 1995, expired fifteen years from that date under OCGA § 17-3-1 (a), even though the legislature had extended the limitation period from seven to fifteen years in 1996, after the rape occurred, as in this case.[17] According to this Court, "[n]o

---

[14] Id. at 721 (1) (citation and punctuation omitted).

[15] 299 Ga. App. 377, 379 (682 SE2d 632) (2009).

[16] Id. (citation and punctuation omitted). See *Duke*, 298 Ga. App. at 721 (1); *Barker*, 277 Ga. App. at 86-87 (2).

[17] See *Flournoy*, 299 Ga. App. at 379.

ex post facto violation [arose] because the original seven-year limitation period had not expired at the time OCGA § 17-3-1 was amended in 1996."[18]

For the same reason, we find that this alleged error lacks merit and that the trial court properly ruled that the applicable statute of limitation period for the rape charge in this case was 15 years.

(b) Further, to the extent the Appellant raises an ineffective assistance claim based upon counsel's failure to argue that the retroactive application of the 1996 amendment violated other constitutional rights besides the protection against ex post facto laws, such claim is moot for the reasons given in Division 6, infra.

2. We also conclude that, in its order denying the Appellant's plea in bar, the trial court properly ruled that former OCGA § 17-3-1 (c.1),[19] which eliminated the

---

[18] Id.

[19] Former OCGA § 17-3-1 (c.1) (2002) provided that

[a] prosecution for the following offenses may be commenced at any time when deoxyribonucleic acid (DNA) evidence is used to establish the identity of the accused . . . (2) Kidnapping, as defined in Code Section 16-5-40; [and] (3) Rape, as defined in Code Section 16-6-1; . . . provided, however, that a sufficient portion of the physical evidence tested for DNA is preserved and available for testing by the accused[.]

The General Assembly amended the statute in 2012 by, inter alia, redesignating subsection (c.1) as subsection (d). See Ga. L. 2012, p. 899, § 4-1.

statutes of limitation for rape and kidnapping when DNA evidence was used to identify the accused, applied only to offenses committed on or after July 1, 2002,[20] and, thus, did not apply in the instant case.[21]

3. The Appellant contends that the trial court erred in denying his plea in bar as to the charges in all three indictments. His arguments attack each of the three indictments independently, as well as collectively to the extent that the court ruled that the 2008 and 2010 indictments were valid superseding indictments that related back to the 2005 indictment.

> The appellate standard of review for a plea in bar asserting a statute of limitation[ ] defense is a de novo review of the issue of laws. Since this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts.[22]

---

[20] See Ga. L. 2002, p. 650, § 2.

[21] Although the Appellant did not challenge this ruling as error, it is addressed here because resolution of this issue is integral to the rulings in Divisions 3 and 4, infra.

[22] *Duke*, 298 Ga. App. at 720 (1) (citation and punctuation omitted). See also *Martinez v. State*, 306 Ga. App. 512, 522 (2) (702 SE2d 747) (2010).

11

For the following reasons, we find that the trial court erred in denying the Appellant's plea in bar as to the charges for kidnapping, aggravated assault, and battery. However, the trial court properly denied the plea in bar as to the rape charge.

(a) (i) *The 2005 Indictment*. The record shows that, on May 27, 2005, the State indicted the Appellant for rape, kidnapping, aggravated assault, and burglary,[23] alleging that the Appellant committed those offenses against the victim on June 6, 1995. The indictment also charged him with committing an aggravated assault against the victim on June 1, 1995.[24] Although almost ten years had passed between the date the crimes were committed and the filing of the indictment, the indictment was timely filed within the fifteen-year statute of limitation period for the rape charge.[25]

---

[23] See footnote 4, supra, regarding the aggravated sodomy charges.

[24] The reference to June 1, as opposed to June 6 (as in the other crimes) appears to be a typographical error, as the State presented no evidence to show that the Appellant had any contact with the victim prior to June 5, 1995. Because the date difference does not affect the determination of whether the indictment in this case was filed within the applicable statute of limitation periods, the error was harmless. See *McDaniel v. State*, 289 Ga. App. 722, 725-726 (4) (658 SE2d 248) (2008) ("[W]hen the exact date of a crime is not a material allegation of the indictment, the crime may be proved to have taken place on any date prior to the return of the indictment, so long as the date is within the applicable statute of limitation [period].") (punctuation and footnote omitted).

[25] See former OCGA § 17-3-1 (b) (2002) ("[P]rosecution for the crime of forcible rape must be commenced within 15 years after the commission of the crime."); see also Division 1, supra.

However, the seven-year statute of limitation period had expired on the kidnapping charge,[26] as had the four-year limitation period for the aggravated assault and burglary charges.[27] Despite this, none of those counts contained tolling or other language that explained why the charges were not time-barred even though the indictment had been filed outside of the applicable statute of limitation periods.[28]

It is axiomatic that the statute of limitation period for charging an individual for a crime begins running at the time of the criminal act.[29] Thus, the State must file an indictment charging the accused with the offense within the applicable statute of limitation period for that crime.[30] Under certain circumstances, however, the State

---

[26] See former OCGA § 17-3-1 (b) (2002) ("Prosecution for [crimes other than murder and forcible rape that are] punishable by death or life imprisonment must be commenced within seven years after the commission of the crime except as provided by subsection (c.1) of this Code section[.]").

[27] See former OCGA § 17-3-1 (c) (2002) ("Punishment for felonies other than those specified in subsections (a), (b), and (c.1) of this Code section must be commenced within four years after the commission of the crime[.]"); see also *Jenkins v. State*, 278 Ga. 598, 601 (1) (A) (604 SE2d 789) (2004) (four-year statute of limitation periods apply to aggravated assault and burglary).

[28] See Division 3 (b) (iii), infra.

[29] *Martinez*, 306 Ga. App. at 522 (2).

[30] See *State v. Godfrey*, 309 Ga. App. 234, 239 (2) (709 SE2d 572) (2011) ("Because the State failed to indict [the defendant] within the applicable limitation period, the trial court did not err in granting [the defendant's] plea in bar to dismiss

13

may file an indictment after the statute of limitation period for the alleged crime has expired.[31] In such cases, the State must specifically allege in each count of the indictment the applicable tolling provision or exception to the statute of limitation in order to show that the charged offense is not time-barred.[32] And, at trial, "[t]he burden is unquestionably upon the State to prove that [the] crime occurred within the statute of limitation [period], or, if an exception to the statute is alleged, to prove that the case properly falls within the exception."[33]

In this case, the 2005 indictment showed on its face that it was filed after the applicable statute of limitation periods had expired.[34] Thus, because the indictment did not include the required language to show that the statute of limitation periods

---

[the counts at issue].").

[31] See, e.g., *Jannuzzo v. State*, 322 Ga. App. 760 (746 SE2d 238) (2013); *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996).

[32] See *Jannuzzo*, 322 Ga. App. at 765 (2) ("Where an exception is relied upon to toll the statute of limitation, it must be alleged in the indictment and proved.") (citation omitted); see also *State v. Crowder*, 338 Ga. App. 642, 645 (791 SE2d 423) (2016) ("Exceptions will not be implied to statutes of limitation for criminal offenses, and any exception to the limitation period must be construed narrowly and in a light most favorable to the accused.") (citation and punctuation omitted).

[33] *Martinez*, 306 Ga. App. at 522 (2) (citation, punctuation, and footnote omitted).

[34] See *Godfrey*, 309 Ga. App. at 239 (2).

14

had been tolled, the indictment was fatally defective as a matter of law as to the kidnapping, aggravated assault, and burglary charges, and the Appellant's convictions on those counts must be reversed.[35] However, because the 15-year statute of limitation period for the rape charge had not expired in 2005, that count of the indictment was timely filed and sufficient to support the Appellant's rape conviction.[36]

(ii) We also conclude that the trial court erred in denying the Appellant's plea in bar based on its finding that the Appellant had waived his challenge to the validity of the 2005 indictment because he did not file a demurrer or plea in bar within ten days of arraignment,[37] pursuant to OCGA § 17-7-110.[38] As noted in *State v. Barker*,[39]

---

[35] See *Barker*, 277 Ga. App. at 87 (3) (If it appears on the face of the indictment that the statute of limitation period has run, the indictment is fatally defective and subject to demurrer, unless it alleges an exception to the running of the limitation period.); *Dixon v. State*, 111 Ga. App. 556, 557 (3) (142 SE2d 304) (1965) (An indictment that does not show on its face that "the offense charged was committed within the statute of limitation [period] is fatally defective and sets out no offense against the laws of the State.") (citation and punctuation omitted); see also *Pennington v. State*, 323 Ga. App. 92, 100-101 (1) (b) (746 SE2d 768) (2013) (physical precedent only); *State v. Bair*, 303 Ga. App. 183, 186 (692 SE2d 806) (2010); *Moss*, 220 Ga. App. at 150.

[36] See *Godfrey*, 309 Ga. App. at 239 (2).

[37] Notably, the record shows that the Appellant was not arraigned on the 2005 indictment until July 2008.

Further, although appellate counsel claimed that the Appellant filed special and general demurrers to the 2005 and 2008 indictments prior to the arraignment in July 2008, the demurrers are not in the appellate record and were not tendered as exhibits

15

this Court rejected such a time-based limitation over a century ago.[40] It follows that a defendant may file a plea in bar or general demurrer challenging the validity of an indictment at any time before trial and, even if the defendant fails to file such a challenge, he "may still assert the defense of the statute of limitation[ ] in the trial of

---

during the hearing on the motion for new trial. Consequently, this Court cannot consider them on appeal. See *Boatright v. State*, 192 Ga. App. 112, 115 (5) (385 SE2d 298) (1989) ("[F]actual assertions contained in the parties' briefs unsupported by evidence of record cannot be considered in the appellate process.") (citation omitted); see also Court of Appeals Rule 24 (g) ("Do not attach documents or exhibits to appellate briefs[.]").

[38] See OCGA § 17-7-110 ("All pretrial motions, including demurrers and special pleas, shall be filed within ten days after the date of arraignment, unless the time for filing is extended by the court."); see also Uniform Superior Court Rule ("USCR") 31.1 ("All motions, demurrers, and special pleas shall be made and filed at or before the time set by law unless time therefor is extended by the judge in writing prior to trial.").

[39] 277 Ga. App. at 87 (3).

[40] See *Hollingsworth v. State*, 7 Ga. App. 16, 18-19 (65 SE 1077) (1909) (When the State failed to allege in the indictment the particular exception upon which it relied to prevent the running of the statute of limitation, "[t]he defendant could have moved to quash the accusation; he could have moved in arrest of judgment after conviction, but he was not required to do either. He had the right to waive the informality of the accusation, presuming that he was charged with an offense not barred by the statute of limitations. But the evidence that the offense was not barred by the statute of limitations was inadmissible, unless it was pleaded in the accusation.").

16

the case."[41] Consequently, the trial court erred in ruling that the Appellant had waived his claim that the 2005 indictment was fatally defective by failing to raise such claim within ten days of his arraignment.

(b) *The 2008 Indictment*. As noted above, on June 27, 2008, the State filed a second indictment charging the Appellant with the same crimes as in the 2005 indictment.

(i) In its order denying the Appellant's plea in bar, the trial court ruled that the 2008 indictment was a valid superseding indictment because it related back to the 2005 indictment.

> Georgia has adopted the federal rule recognizing that a superseding indictment filed after the expiration of the statute of limitation may relate back to a timely-filed original indictment if certain conditions are met. A superseding indictment brought after the statute

---

[41] *Barker*, 277 Ga. App. at 87 (3) (punctuation and footnote omitted). See *McKay v. State*, 234 Ga. App. 556, 558-559 (2) (507 SE2d 484) (1998) (A general demurrer challenges the legality of an indictment and may be raised anytime before or during trial, as well as after a conviction by a timely motion in arrest of judgment – even if the defendant had not previously raised an objection to the validity of the indictment.); see also *Moss*, 220 Ga. App. at 150 (Because the State filed the indictment outside the statute of limitation period and failed to allege any exception to the statute in the indictment, it was legally incapable of proving at trial that the limitation period had not expired. Thus, the trial court erred in denying the defendant's motion for a directed verdict of acquittal based upon his statute of limitation defense.).

of limitation has run is valid as long as (i) the original indictment is still pending; (ii) the original indictment was timely; and (iii) the superseding indictment does not broaden or substantially amend the original charges.[42]

"A superseding indictment usually refers to an indictment that is returned while a *valid* indictment is still pending."[43]

In ruling that the 2008 indictment was a valid superseding indictment, the trial court found that the 2005 indictment had been timely filed, that it was still pending when the 2008 indictment was filed, and that the 2008 indictment did not substantially broaden or amend those pending charges.[44] As previously discussed in Division 3 (a) (i), supra, however, the 2005 indictment charged crimes that were committed in 1995, yet it included no language to show that the applicable statute of limitation periods had been tolled. Thus, with the exception of the rape charge, the 2005 indictment showed on its face that it was not "timely filed" within the applicable

---

[42] *State v. Outen*, 324 Ga. App. 457, 459 (1) (751 SE2d 109) (2013) (citation and punctuation omitted).

[43] Id. at 459 (1), n. 1 (citation and punctuation omitted; emphasis supplied). In contrast, "[a] new indictment usually refers to an indictment returned after the pending indictment has been dismissed." Id. (citation and punctuation omitted).

[44] See *Outen*, 324 Ga. App. at 459 (1).

18

statute of limitation periods and was, therefore, fatally defective. It follows that the court erred in ruling that the 2008 indictment was valid as to the kidnapping, aggravated assault, and burglary charges because it related back to the 2005 indictment.[45]

(ii) The issue becomes, therefore, whether the 2008 indictment, standing alone (as if the 2005 indictment had never been filed), showed on its face that it was filed within the applicable statute of limitation periods.

When the 2008 indictment was filed, 13 years had passed since the crimes at issue had been committed in 1995. Therefore, just as with the 2005 indictment, the face of the 2008 indictment clearly showed that the statute of limitation periods for the kidnapping, aggravated assault, and burglary charges had expired, unless the State alleged that the limitation periods had been tolled or an exception to the statutes of limitation applied.[46]

In contrast to the 2005 indictment, all of the counts in the 2008 indictment (except the burglary charge) included the following language: "[A]s to [this count], deoxyribonucleic acid (DNA) evidence was used to establish the identity of Raoul

---

[45] See id. at 459 (1), n. 1.

[46] See *Moss*, 220 Ga. App. at 150.

Lynch and a sufficient portion of the physical evidence tested for DNA [was] preserved and [was] available for testing by Raoul Lynch." This language apparently referred to the statute of limitation exception found in former OCGA § 17-3-1 (c.1). As discussed in Division 2, supra, however, this exception did not apply to the charges in this case and, thus, did not salvage the kidnapping and aggravated assault charges that were otherwise filed outside of the applicable statute of limitation periods.

As for the burglary charge, that count did not include the OCGA § 17-3-1 (c.1) language, but, instead, included the statement that "the identity of the accused was not known to the State until the year 2001." This language apparently referred to OCGA § 17-3-2 (2), which tolled the running of the statute of limitation period during any period in which "[t]he person committing the crime is unknown or the crime is unknown[.]"[47] However, because the State discovered the Appellant's identity as the

---

[47] See generally *State v. Watson*, 340 Ga. App. 678, 682 (2) (798 SE2d 295) (2017) (physical precedent only) ("The tolling provision found in OCGA § 17-3-2 (2) requires proof that the person who committed the crime was 'unknown,' and when this exception is relied upon, the tolling period ends when the State acquires 'actual knowledge' of the defendant's identity. . . . [T]he General Assembly intended for the 'person unknown' tolling exception to apply to a situation where there is no identified suspect among the universe of all potential suspects. Thus, the tolling exception to the statute of limitation[ ] cannot be based upon the subjective opinion of the district attorney as to whether there was enough evidence to file charges against a particular

victim's assailant in October 2001, the four-year statute of limitation period expired in 2005, well before the State filed the 2008 indictment.

Under these circumstances, the 2008 indictment could not stand on its own merits as to the kidnapping, aggravated assault, and burglary charges because it was filed outside the applicable statute of limitation periods for those crimes and failed to include the required language showing that the statute of limitation periods had been tolled. As with the 2005 indictment, however, the 15-year statute of limitation period for the rape charge had not expired in 2008 (regardless whether the running of the limitation period began in 1995 or 2001), so that count of the indictment remained valid and pending.

(iii) For the same reasons discussed in Division 3 (a) (ii), supra, regarding the 2005 indictment, the trial court erred in finding that the Appellant had waived his challenge to the validity of the 2008 indictment by failing to file a demurrer or plea in bar within ten days of his arraignment.

(c) (i) *The 2010 Indictment*. On September 17, 2010, the State filed a third indictment that included the same charges as the preceding indictments. For the reasons explained in Divisions 3 (a) and (b), however, the 2010 indictment could not

person.") (citations, punctuation, and footnote omitted).

21

relate back to either previous indictment on the kidnapping, aggravated assault, and burglary charges, because the previous indictments were fatally defective as to those charges. It follows that the trial court erred in finding that the 2010 indictment was a valid superseding indictment on those charges.

In contrast, because the rape charge in the 2008 indictment was still valid and pending at the time the State filed the 2010 indictment, the 2010 indictment constituted a valid superseding indictment on the rape charge.[48]

(ii) As to whether the 2010 indictment was legally sufficient on its own to timely charge the Appellant with all of the crimes at issue, the record shows that each count of the 2010 indictment included the following tolling language: "the identity of the accused was not known to the State until October 4, 2001 (OCGA § 17-3-2 (2))[.]"[49] However, even if the inclusion of such language tolled the beginning of the statute of limitation periods until October 2001, the seven- and four-year limitation periods for the kidnapping, aggravated assault, and burglary charges had expired before the State filed the 2010 indictment almost nine years later. Thus, the inclusion

_____

[48] See *Outen*, 324 Ga. App. at 459 (1).

[49] In addition, each count included language referencing the inapplicable provision of former OCGA § 17-3-1 (c.1), as with the 2008 indictment. See Divisions 2 and 3 (b) (iii).

22

of the OCGA § 17-3-2 (2) tolling language in the 2010 indictment could not salvage those charges.

In contrast, because the inclusion of the OCGA § 17-3-2 (2) tolling language in the rape count alleged that the statute of limitation period did not begin running until October 2001, the face of the 2010 indictment showed that it was filed before the 15-year limitation period had expired on the rape charge. Thus, the 2010 indictment, standing on its own, was valid as to that charge.

In summary, the trial court clearly erred in denying the Appellant's plea in bar as to the kidnapping, aggravated assault, and burglary charges, and the convictions on those charges must be reversed.[50] The trial court did not err, however, in denying the plea in bar as to the rape charge.

4. The Appellant contends that the trial court committed plain error when it erroneously instructed the jury that no statute of limitation applied to the rape and kidnapping charges. We agree.

The record shows that the trial court instructed the jury as follows:

> [T]he law of our state sets a time limit upon . . . the State in
> starting the prosecution of most criminal offenses. Where D.N.A.
> evidence is used to determine the perpetrator and the State has preserved

---

[50] See *Godfrey*, 309 Ga. App. at 239 (2); *Dixon*, 111 Ga. App. at 557 (3).

a sufficient amount of evidence for the defendant to test, there is no statute of limitations on the crimes of rape, aggravated sodomy, or kidnapping.

This jury instruction was based upon the provisions of former OCGA § 17-3-1 (c.1), which the trial court had specifically – and correctly – ruled was inapplicable to this case when it denied the Appellant's plea in bar before trial.[51] Even so, the Appellant's trial counsel did not object to the charge.[52]

Under OCGA § 17-8-58,

(a) Any party who objects to any portion of the charge to the jury or the failure to charge the jury shall inform the court of the specific objection and the grounds for such objection before the jury retires to deliberate. Such objections shall be done outside of the jury's hearing and presence.

(b) Failure to object in accordance with subsection (a) of this Code section shall preclude appellate review of such portion of the jury charge, unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties. Such plain error may be

---

[51] See Division 2, supra.

[52] We note that, according to the trial transcript, after the trial court charged the jury, it immediately addressed matters concerning the alternate jurors, and it never asked if either the State or defense counsel had any objections to the charge. Still, we are aware of no authority to support a finding that the trial court's oversight excused defense counsel from timely objecting to the charge.

24

considered on appeal even if it was not brought to the court's attention as provided in subsection (a) of this Code section.[53]

In reviewing a jury instruction for plain error, we apply the four-pronged test adopted by the Supreme Court of Georgia in *State v. Kelly*,[54] as follows:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[55]

---

[53] See also OCGA § 5-5-24 (c) ("Notwithstanding any other provision of this Code section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."); *Early v. State*, 218 Ga. App. 869, 870 (1) (463 SE2d 706) (1995) (Under OCGA § 5-5-24 (c), "[t]he test is whether the charge was so blatantly apparent and prejudicial that it raises the issue as to whether or not the defendant received a fair trial.") (citation and punctuation omitted).

[54] 290 Ga. 29 (718 SE2d 232) (2011).

[55] Id. at 33 (2) (a) (citation and punctuation omitted). See also *Gates v. State*, 298 Ga. 324, 327 (3) (781 SE2d 772) (2016).

25

Stated differently, "the proper inquiry is whether the instruction was erroneous, whether it was obviously so, and whether it likely affected the outcome of the proceeding."[56]

Given that it has already been established that the trial court had actual knowledge before the trial that former OCGA § 17-3-1 (c.1) did not apply in this case, yet it instructed the jury on that provision anyway, the only remaining issue is whether there is a reasonable likelihood that the erroneous instruction affected the outcome of the trial.[57] On that issue, the record shows that the primary defense argued by the Appellant's trial counsel was that numerous human errors by the police and the State caused a significant amount of time to pass since the time the crimes at issue had been committed, and that this unjustified delay in identifying him as a suspect, indicting him, and bringing him to trial negatively affected his defense.[58] Under these

---

[56] *Kelly*, 290 Ga. at 33 (2) (a) (citation and punctuation omitted). See also *Curry v. State*, 291 Ga. 446, 454 (6) (729 SE2d 370) (2012).

[57] See *Kelly*, 290 Ga. at 33 (2) (a).

[58] For example, trial counsel argued that the DNA samples from the crime scene may have been mishandled or mixed up over the years by either the Fulton County officers or the crime lab; that the identification of him as a suspect was based solely on that questionable DNA match in 2001; that, in all of the years that had passed since the crimes at issue, the State had not acquired any other evidence of his guilt other than collecting new samples of his DNA in 2008 and 2009, which the State obtained because it believed that it did not otherwise have enough evidence to convict

circumstances, the record supports a finding that there was a reasonably likelihood that the erroneous instruction affected the outcome of the trial and, thus, was not harmless as a matter of law.[59]

Further, the harmful effect of the erroneous instruction was seriously exacerbated by the prosecutor's closing argument, in which she emphasized to the jury, "When you look at rape, kidnapping, and aggravated sodomy, there is *no statute of limitation* when D.N.A. evidence is used and preserved. . . . So in the end there is *no statute of limitations* on the rape, kidnapping, or aggravated sodomy. It doesn't matter that we reindicted [the Appellant] in 2010."[60]

Finally, it is axiomatic that the State is required to prove beyond a reasonable doubt that the crimes charged occurred within the applicable statute of limitation period.[61] Given the trial court's clearly erroneous and misleading jury instruction that there was no statute of limitation as to the rape charge, coupled with the court's

---

him; that the State had to repeatedly indict him to correct numerous errors; and that, due to the long delay since the crimes occurred, he was unable to prove an alibi.

[59] See *Able v. State*, 312 Ga. App. 252, 256-257 (2) (718 SE2d 96) (2011) ("All charging errors are presumed to be prejudicial unless the record shows them to be harmless.") (citations and punctuation omitted).

[60] (Emphasis supplied.)

[61] See *Martinez*, 306 Ga. App. at 522 (2).

27

complete failure to correctly instruct the jury that the actual statute of limitation for rape was 15 years, as well as the prosecutor's similarly erroneous closing argument, the record does not support a conclusion that the court properly instructed the jury that the State had the burden of proving that the rape occurred within the 15-year statute of limitation period beyond a reasonable doubt.[62] On the contrary, we find that it is more likely that the erroneous jury instruction and related closing argument misled and/or confused the jurors on the statute of limitation issue and that the jury charge, when considered as a whole, did not resolve the problem.[63]

Consequently, we conclude that the erroneous jury instruction was not harmless, that its harmful effect was exacerbated by the prosecutor's closing

---

[62] See id.; *State v. Conzo*, 293 Ga. App. 72, 74 (1) (666 SE2d 404) (2008). In contrast, regarding the four-year statute of limitation periods for aggravated assault and battery, the court instructed the jury that, if it found from the evidence that the indictment "was not filed within four years after the offenses were committed, it would be your duty to acquit the defendant [on those charges]. In calculating this period of time, you should exclude from your calculation any period of time during which the evidence shows that the person committing the crime was unknown." Apparently, the court did not give a similar instruction regarding the rape and kidnapping charges because it had just instructed the jury that there was no statute of limitation as to those charges.

[63] See *Jackson v. State*, 205 Ga. App. 513, 514 (3) (422 SE2d 673) (1992) (finding that the trial court's jury charge as a whole, which included its general instruction on how criminal intent is shown, did not remove the confusion created by the court's erroneous instruction that the State did not have to prove the defendant's specific intent to commit the crime).

28

argument, and that there is a reasonable likelihood that the jury instruction affected the outcome of the trial.[64] As a result, the instruction constituted plain error.[65] It necessarily follows that the court erred in denying the Appellant's motion for new trial as to the rape conviction.[66] This case is remanded to the trial court for a new trial on that charge.

5. The Appellant contends that his constitutional right to privacy was violated by the warrantless seizure of his DNA pursuant to the 2000 amendment to former OCGA § 24-4-60,[67] because that amendment constituted an unconstitutional ex post facto law.

---

[64] See *Curry*, 291 Ga. at 454 (6).

[65] See id.

[66] See *Jackson*, 205 Ga. App. at 515 (3).

[67] In 2000, the Georgia General Assembly amended OCGA § 24-4-60 to authorize the Georgia Department of Corrections to obtain a DNA sample of all then-incarcerated felons at the time of their release from prison. See Ga. L. 2000, p. 1071, § 1. Prior to the amendment, the statute only applied to incarcerated felons who had been convicted of sexual offenses. See *State v. Clark*, 273 Ga. App. 411, 417 (4), n. 14 (615 SE2d 143) (2005); *Bickley v. State*, 227 Ga. App. 413, 415 (1) (b), n. 1 (489 SE2d 167) (1997). In 2011, the Georgia General Assembly revised former OCGA § 24-4-60 and redesignated the statute as OCGA § 35-3-160. See Ga. L. 2011, p. 264, § 3-1.

As the Appellant concedes, his counsel failed to challenge the constitutionality of former OCGA § 24-4-60 or move to suppress the DNA evidence on that basis in the trial court. Thus, this alleged error is deemed waived.[68]

To the extent the Appellant raises an ineffective assistance claim based upon counsel's failure to raise and preserve this issue below, such claim is moot for the reasons given in Division 6, infra.

6. In light of our rulings in Divisions 3 and 4, supra, the Appellant's claims of ineffective assistance of counsel are deemed moot.[69] For the same reason, we find that the Appellant's remaining enumerations of error are either moot or are unlikely to recur upon retrial.[70]

*Judgment reversed and case remanded with direction. Barnes, P. J., concurs. McMillian, J., concurs fully and specially.*

---

[68] See *Williams v. State*, 277 Ga. App. 106, 108 (2) (625 SE2d 509) (2005) ("We are a court for the correction of errors of law committed by the trial court where proper exception is taken, and we will not consider issues and grounds for objection, even of a constitutional magnitude, which were not raised and determined in the trial court.") (footnote omitted); see also *Adams v. State*, 288 Ga. 695, 702-703 (5) (707 SE2d 359) (2011) (The defendant waived his claim that the admission of certain evidence violated his constitutional rights by failing to raise the issue in the trial court or obtain a ruling from the court thereon.).

[69] See *Verdree v. State*, 299 Ga. App. 673, 684 (7) (683 SE2d 632) (2009).

[70] See id. at 684 (8).

A18A0286. LYNCH v. THE STATE.


MCMILLIAN, Judge, concurring specially.

Although I concur fully with the majority, I write separately as to Division 3, which addresses the relation back of the 2008 and 2010 indictments to the 2005 indictment.[1]

---

[1] I agree with the majority that Lynch's prosecution for rape was timely under all three indictments and except when necessary for clarity, I will confine my analysis in this special concurrence to Lynch's convictions for kidnapping, aggravated assault, and burglary. Further, as the majority notes, Lynch was found not guilty on aggravated sodomy charges, and I will make no further reference to those charges in this special concurrence.

The majority correctly concludes that the 2005 indictment was untimely since it was filed well after the expiration of the limitations periods for kidnapping, aggravated assault, and burglary, but it appears that if the State had included the allegation that it finally added in the 2010 superseding indictment that "the identity of the accused was not known to the State until October 4, 2001[,]" the 2005 indictment would have been timely for all of the charges. The question then becomes whether the relation back doctrine allows the State to correct this charging error by superseding indictment.

As our Supreme Court set out in *Outen v. State*, 296 Ga. 40 (764 SE2d 848) (2014),

> A count contained in a subsequent indictment relates back to the date of the prior indictment for purposes of the statute of limitation if: (1) the prior indictment was timely; (2) the prior indictment is still pending; and (3) the later indictment does not broaden or otherwise substantially amend the original charges. See *Wooten v. State*, 240 Ga. App. 725, 726 (524 SE2d 776) (1999);*United States v. Italiano*, 894 F2d 1280, 1282 (11th Cir. 1990).

Id. at 45 (3). As to the issue of whether the prior indictment is pending, the Court explained that even a defective or insufficient indictment may be considered "validly pending" for relation back purposes "until it is dismissed or until double jeopardy or

2

due process would prohibit prosecution under it[.]" Id. at 46 (quoting *United States v. Smith*, 197 F3d 225, 228-29 (6th Cir. 1999)). Put another way, "the return of a defective (voidable), as opposed to a void, indictment tolls the statute of limitations for the charges contained in it, and even after the limitations period has expired the defect may be corrected by a superseding indictment that meets the relation-back test[.]" Id. n.3.

Since 1848, our Supreme Court has made it clear that fundamental principles of due process require "indictment[s or other charging instruments to] not only show . . . that a public law of the State has been violated, but . . . [also] that the defendant has been indicted therefor, in the manner, and *within the time*, prescribed by the laws of the land." *McLane v. State*, 4 Ga. 335, 340 (1848). Thus, while as a general rule, the statute of limitations is not a material allegation of an indictment, if the indictment shows on its face that it was filed outside the applicable limitations period for the crime charged, it is

> incumbent on the prosecuting officer, to have alleged in the indictment the particular exception on which he relied to prevent the operation of the Statute [of limitations], so that it might affirmatively appear that the defendant was liable under the law, to be . . . prepared at the trial, to traverse all the material allegations made by the State against him.

3

Id. at 342. See also *Hollingsworth v. State*, 7 Ga. App. 16, 17 (65 SE 1077) (1909);

*Taylor v. State*, 44 Ga. App. 64, 74 (2) (d) (160 SE 667) (1931); *Dixon v. State*, 111

Ga. App. 556, 557 (3) (142 SE2d 304) (1965).

Not only must an exception to an expired limitation period be pleaded in the

indictment, it must also be proved at trial. See *Hollingsworth*, 7 Ga. App. at 19;

*McKeehan v. State*, 274 Ga. App. 14, 18 (4) (616 SE2d 489) (2005) ("The State may

rely on an exception to the statute of limitation only if it alleges the exception in the

indictment."). Thus, if an accused is tried on an indictment that is untimely on its face

and no exception or tolling provision is alleged, the State cannot introduce evidence

of the exception at trial, and any prosecution under that indictment will not be

sustained, even if an accused has been tried and convicted thereon.[2]

---

[2] *See, e.g., McLane*, 4 Ga. at 342 (motion in arrest of judgment should have been granted when indictment was filed outside statute of limitations and no exception was alleged); *Bazemore v. State*, 34 Ga. App. 773 (131 SE 177) (1926) ("The exception, therefore, is an essential and material part of the accusation and necessary to be proved."); *State v. Stowe*, 167 Ga. App. 65, 68-69 (306 SE2d 663) (1983) (trial court properly prevented State from submitting evidence on exception to statute of limitations when no exception was alleged in the indictment; further, double jeopardy bars retrial on the barred offenses); *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996) (defendant entitled to directed verdict of acquittal because indictment did not allege exception to statute of limitations and thus proof of exception is inadmissible at trial);*Vaughn v. State*, 324 Ga. App. 289 (750 SE2d 375) (2013) (even guilty plea does not waive statute of limitation defenses including that the indictment did not properly allege tolling statute so as to authorize restitution for

*McLane* and its progeny clearly support that the 2005 indictment was void and not just voidable for all of the charges except for the rape because it failed to allege an exception to the statute of limitations. However, I do not believe that this issue needs to be definitely decided today because the superseding indictments could not be used to correct the State's charging error for a more fundamental reason. As explained in *Outen*, a superseding indictment can only correct a defective (voidable) indictment if the relation back test is met, and the first prong of the relation back test is that the prior indictment must be timely. See *Outen*, 296 Ga. at 45-46 (3). Because the 2005 indictment was untimely as to the kidnapping, aggravated assault, and burglary charges, I agree with the majority opinion that the trial court erred by denying Lynch's plea in bar, and his convictions on those charges must be reversed.

---

crimes outside the applicable limitations period).

5