**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 10, 2021**

# In the Court of Appeals of Georgia

A20A1747. STATE v. CAMPBELL.

MCFADDEN, Chief Judge.

The state appeals from a trial court order granting a plea in bar based on the expiration of the statute of limitation, arguing that the applicable time period was tolled by the "person unknown" exception to the statute of limitation. The state, however, has failed to show that the trial court erred in finding that this exception does not apply in this case. So we affirm.

1. *Facts and procedural posture.*

On December 15, 2014, Marion Campbell was charged by indictment with offenses of rape and aggravated sodomy alleged to have occurred in March 1993. The state dropped the aggravated sodomy charge, and a trial on the rape charge commenced on August 22, 2016. At the conclusion of the state's evidence, Campbell

moved to dismiss the indictment on the ground that it did not allege an exception to the expired 15-year statute of limitation for forcible rape. The trial court granted the motion and dismissed the indictment as fatally defective because it did not include the required allegation of an exception to the expired statute of limitation.

On August 31, 2016, the state re-indicted Campbell for the alleged March 1993 rape, and included a statute of limitation tolling provision alleging that Campbell had been unknown to the state and not identified as a suspect until "an investigative lead was established through a DNA match via a search of the DNA Database CODIS (Combined DNA Index System) in August 2008." Campbell filed a plea in bar on double jeopardy grounds, arguing that he could not be re-indicted because the trial court had previously acquitted him of the alleged rape during the trial on the 2014 indictment. The trial court denied the plea in bar and Campbell appealed to this court. In an unpublished opinion, this court affirmed the denial of the plea in bar, finding that the trial court's dismissal of the 2014 indictment was not an acquittal on the merits and thus it did not bar the 2016 re-indictment. *Campbell v. State*, 344 Ga. App. XXVI (A17A1820).

Upon the return of the case to the trial court, Campbell filed another plea in bar, this time asserting that the statute of limitation had not been tolled as alleged in

2

the 2016 indictment because "he was a suspect at all relevant times" and "his identity was not unknown" to the state. After an evidentiary hearing, the trial court granted the plea in bar, finding that the statute of limitation had not been tolled because the state had actual knowledge of facts providing probable cause to arrest Campbell prior to the expiration of the limitation period. The state appeals.

2. *Grant of plea in bar based on statute of limitation.*

The state contends that the trial court erred in granting the plea in bar based on the statute of limitation. We disagree.

"In criminal cases, the statute of limitation runs from the time of the criminal act to the time of indictment." *Riley v. State*, 305 Ga. 163, 167 (3) (824 SE2d 249) (2019) (citation and punctuation omitted). "Thus, the [s]tate must file an indictment charging the accused with the offense within the applicable statute of limitation period for that crime." *Lynch v. State*, 346 Ga. App. 849, 856 (3) (a) (i) (815 SE2d 340) (2018). In this case, the parties agree that the applicable statute of limitation for the rape charge is the 15-year period set forth in OCGA § 17-3-1 (b) for the crime of "forcible rape." See *Lynch*, supra at 854 (1) (a) (applicable statute of limitation period for forcible rape charge was 15 years). It is undisputed that the August 2016

3

indictment was not returned until more than 23 years after the commission of the alleged March 1993 rape.

Although the 15-year period expired prior to the indictment, under certain circumstances a period of limitation may be tolled and "the [s]tate may file an indictment after the statute of limitation period for the alleged crime has expired." *Lynch*, supra at 856 (3) (a) (i). Such "statutory provisions providing for the tolling of a statute of limitation are designed to expand the exposure to criminal prosecution beyond the specified fixed period." *Riley*, supra. "In such cases, the [s]tate must specifically allege in each count of the indictment the applicable tolling provision or exception to the statute of limitation in order to show that the charged offense is not time-barred." *Lynch*, supra. "Notably, the burden is unquestionably upon the state to prove that a crime occurred within the statute of limitation, or, if an exception to the statute is alleged, to prove that the case properly falls within the exception." *Riley*, supra (citation and punctuation omitted).

Here, the state argues that the indictment was not time-barred because the statute of limitation period was tolled by the "person unknown" exception set forth in OCGA § 17-3-2. That code section provides that "[t]he period within which a prosecution must be commenced under Code Section 17-3-1 or other applicable

4

statute does not include any period in which . . . [t]he person committing the crime is unknown[.]" OCGA § 17-3-2 (2). Our Supreme Court has interpreted

> OCGA § 17-3-2 (2) to mean that a statute of limitation is tolled with respect to an unknown person until the [s]tate possesses sufficient evidence to authorize the lawful arrest of that person for the crime charged. The amount of actual knowledge required to lawfully arrest an individual is the familiar probable cause standard. The test of probable cause requires merely a probability — less than a certainty but more than a mere suspicion or possibility. Thus, when a defendant makes a prima facie case that the statute of limitation has expired, the [s]tate has the burden of proving that it lacked probable cause to arrest the defendant for a time sufficient to deem the indictment or other charging document timely [under the person unknown exception].

*Riley,* supra at 169 (3) (citations and punctuation omitted). Accord *Lewis v. State*, 306 Ga. 455, 463 (4) (831 SE2d 771) (2019) ("The person-unknown exception applies if the [s]tate has not obtained sufficient information to establish probable cause to arrest a particular suspect.").

As noted above, the state sought to meet this burden in the trial court by claiming that Campbell had been unknown to the state and not identified as a suspect until a purported DNA match was discovered in August 2008. In rejecting this claim, the trial court found that the state had not met its burden of proving that it lacked probable cause to arrest Campbell prior to the DNA match in August 2008 and for a sufficient time to deem the indictment timely. Specifically, the trial court found that

5

more than 15 years before the return of the indictment, no later than August 2001, the state had actual knowledge of the following facts providing probable cause to arrest Campbell: that an investigating officer identified Campbell as a suspect from a sketch of a suspected rapist; that the victim believed the person depicted in the sketch was her assailant; that Campbell fit the physical description and had the same manner of speech as the suspect described by the victim; that Campbell had an attempted rape conviction in a neighboring county with a similar modus operandi to the rape in the instant case; that Campbell was identified in that attempted rape case by the same physical characteristics and speech pattern of the assailant in the current case; that Campbell had been seen by police at his brother's residence near the scene of the rape; and that Campbell was known to have been in the area of the rape while on leave from jail on the weekend of the crime.

> The appellate standard of review for a [ruling on a] plea in bar asserting a statute of limitation defense is a de novo review of the issue of laws. Since this ruling involves a mixed question of fact and law, we accept the trial court's findings on disputed facts and witness credibility unless they are clearly erroneous, but independently apply the law to the facts.

*Lynch*, supra at 855 (3) (citation and punctuation omitted). "A trial court's factual findings are not clearly erroneous if there is any evidence to support them."

6

*Countryman v. State*, 355 Ga. App. 573, 577 (1), n. 8 (845 SE2d 312) (2020) (citation and punctuation omitted).

Here, the trial court's factual findings were not clearly erroneous as there was some evidence to support them. Although the state has pointed to purported conflicts in the evidence, any such conflicts were matters to be resolved and "determined by the trial court sitting as factfinder." *Morrow v. State*, 272 Ga. 691, 693 (1) (532 SE2d 78) (2000). And the facts found by the trial court support the conclusion that because the state had probable cause to arrest Campbell long before the statute of limitation had expired, the person unknown exception did not apply. "The evidence shows that the [s]tate had actual knowledge of [Campbell's] identity as a suspect . . . but it did not indict him until more than [15] years had elapsed. Therefore, we affirm the trial court's ruling on the [plea in bar dismissing the rape] charge[] due to the expiration of the statute of limitation[]." *Jenkins v. State*, 278 Ga. 598, 603 (1) (A) (604 SE2d 789) (2004).

*Judgment affirmed. Doyle, P. J., and Hodges, J., concur*.